# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2021

Lyle W. Cayce
Clerk

No. 20-11231
Summary Calendar

Glenn Casey Portwood,

*Plaintiff—Appellant*,

*versus*

Schneider & McKinney, P.C.; W. Troy McKinney, *in his individual and professional capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-3344

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Glenn Casey Portwood, federal prisoner # 64653-379, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 suit without prejudice for lack of subject matter jurisdiction

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

and for failure to state a claim based on *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). By moving to proceed IFP, Portwood challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Portwood's IFP motion and incorporated brief contains no substantive arguments as to why his appeal is not frivolous; he has, therefore, abandoned any such arguments. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (internal quotation marks and citation omitted)); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (observing that failure to identify any error in district court's analysis is same as if appellant had not appealed).

Because the appeal lacks any issue of arguable merit, Portwood's motion to proceed IFP is DENIED, and his appeal is DISMISSED AS FRIVOLOUS. *See Baugh*, 117 F.3d at 202 n.24; *Howard*, 707 F.2d at 220; *see also* 5TH CIR. R. 42.2. The district court's dismissal of Portwood's complaint and our dismissal of his appeal both count as strikes under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Portwood is WARNED that, if he accumulates a third strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).